# United States District Court
## Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | **EDCR 22-182-GW**   JS 3 |
| **Defendant**   DANIEL RAY CASTO | **Social Security No.** | 0  4  9  3 |
| akas: | | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared by VTC on this

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 23 | 2023 |

**COUNSEL**   Lisa S. LaBarre, DFPD; Craig Wilke, CJA
(Name of Counsel)

**PLEA**   ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**18 U.S.C. § 1111, 7(3): FIRST DEGREE MURDER WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES AS charged in Counts 1 through 2 of the Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **LIFE.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Daniel Ray Casto, is hereby committed to the custody of the Bureau of Prisons on Counts 1 and 2 of the Indictment for a period of LIFE.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of LIFE under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall cooperate in the collection of a DNA sample from the defendant.

3. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The Court advises defendant of his rights to an appeal.

Restitution Hearing is set for March 20, 2023 at 8:00 a.m., with a joint status report to be filed by March 15, 2023.

| | | | |
|---|---|---|---|
| USA vs. **DANIEL RAY CASTO** | | Docket No.: | **EDCR 22-1822-GW** |

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| January 24, 2023 | *George H. Wu* |
| Date | HON. GEORGE H. WU, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| January 24, 2023 | By | /s/ Javier Gonzalez |
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | |
|---|---|
| USA vs.  **DANIEL RAY CASTO** | Docket No.:  **EDCR 22-1822-GW** |

☐  The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | **DANIEL RAY CASTO** | Docket No.: | **EDCR 22-1822-GW** |
|---|---|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date              Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
         Defendant                                Date

_____                                    _____
U. S. Probation Officer/Designated Witness         Date